UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA TERRE HAUTE DIVISION

Phil Deckert
Plaintiff
v.
Terre haute Police Department
Anthony Demanis # 306
Dustin Cawthon # 293
Scott Marshall #227
and
Terre haute Fire Department
Darrick Scott / Fire Chief
_____ Yelch
Defendants.

**FILED**
JUN 04 2025
U.S. CLERK'S OFFICE

Case No.: 2:25-cv-258-MPB-MJD

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(I). INTRODUCTION
1. Plaintiff Phil Deckert brings this action under 42 U.S.C. § 1983 for violations of constitutional rights by the Terre haute Police Department and Terre haute Fire Department.

2. Plaintiff seeks damages and injunctive relief for unlawful entry, trespassing, property damage, wrongful citation, government indifference, public harm, personal injury, and failure to produce crucial evidence.

(II). JURISDICTION & VENUE
3. This Court has jurisdiction under 28 U.S.C. § 133 and 28 U.S.C. § 1343

4. Venue is proper in the Southern District of Indiana because the events occurred in Terre Haute, Indiana.

(III). PARTIES
5. Plaintiff Phil Deckert owns property in the state, 1540 spruce St. Terre Haute, Indiana 47807 and ( where incident occurred ) 512 north 16th street Terre haute Indiana 47807.

6. Defendant Terre haute police department is a municipal entity responsible for law enforcement in Terre Haute.

7. Defendant Terre haute Fire Department is a municipal entity responsible for fire safety in Terre Haute.

8. Defendant Officer(s) : Anthony Demanis # 306, Dustin Cawthon #293, and Scott Marshall#227and Firefighter(s): Darrick Scott / Fire Chief, Yelch ( was one with fire fighter to break locked gate, chief refuses to honor public information request, ( Thus, by using placeholders and stating the pending discovery, I can file this claim without unnecessary delays while I work to identify the full defendant's name through discovery and or order from the court ) that acted under color of law in violating the Plaintiff's rights.

(IV). FACTUAL ALLEGATIONS
9. On August 13, 2024, Plaintiff was lawfully burning clean wood in a fire pit with a metal grid top in Plaintiff's yard.

10. There was no burn ban in effect, and weather conditions were safe.

11. A disgruntled neighbor, Jeff Ball, falsely reported Plaintiff for burning trash and leaves.

12. Shortly before the fire truck arrived, Jeff Ball drove down the alley and looked directly at the fire pit, Jennifer, and Phil.

13. The Fire Department arrived and ordered Plaintiff to extinguish the fire, which Plaintiff complied with immediately.

14. Despite compliance, the Fire Department called the Police Department.

15. One officer climbed over Plaintiff's locked gate, and another officer and firefighter forcibly broke through the gate without a warrant or probable cause

16. Plaintiff was issued a citation for burning trash 6-101 (a)  and burning leaves 6-101 (b). Despite video evidence and witnesses proving only clean wood was burned.

17. Plaintiff had six witnesses and security footage confirming the fire was lawful.

18. The case was dismissed before a hearing, preventing Plaintiff from presenting evidence or obtaining discovery.

19. Plaintiff made several attempts to discuss concerns with the Police Chief, Fire Chief and mayor ( Brandon Sakbun,  who are directly responsible for their employees.

20. Plaintiff sent certified mail requesting a meeting to litigate the issue and present evidence, yet both officials refused to respond or engage in any discussion.

21. The incident occurred in full view of disabled individuals, minors, and neighbors, who witnessed the police and fire department forcibly break through Plaintiff's gate and enter the property without justification.

22. Their actions caused public alarm, distress, and humiliation, thereby damaging Plaintiff's reputation and standing within the community.

23. The security gates also provided protection for Jennifer, who is medically vulnerable and under the care of the property owner, Phil, who holds a power of attorney over her affairs.

24. Stress caused by the destruction of the gates exacerbated medical issues for Jennifer, Phil, Linda, and James, directly affecting their health and well-being, physically and mentally.

25. Plaintiff contacted Sheriff's Dispatch to request call logs of any fire-related emergency in the area at the time of the incident.

26. Dispatch confirmed that no fire call was officially dispatched within two hours before or after the incident, indicating that the response was not initiated through proper emergency channels.

27. This raises concerns that Jeff Ball may have contacted the fire department personnel directly, bypassing proper emergency procedures, and leading to an unauthorized response that resulted in unlawful entry and property damage.

28. On September 30, 2024, Plaintiff filed a public information request with City Legal (Michael Wright, City Attorney, and Libby Lewis, Paralegal) for body-worn and car camera footage related to the incident.

29. The footage request included officers Anthony Demanis (Badge #306), Dustin Cawthon (Badge #293), and Sergeant Scott Marshall (Badge #227), who were directly involved.

30. Officer Demanis climbed over Plaintiff's locked gate, and Officer Cawthon, with a firefighter, forcibly broke open the gate. Sergeant Marshall stood nearby and failed to intervene in the misconduct.

31. Despite Plaintiff's formal records request, the police and city have failed to produce the requested camera footage, raising concerns of bad faith and efforts to conceal evidence.

32. Plaintiff also formally requested a list of firefighters who arrived and participated in the incident on August 13, 2024 through another public information request.

33. City officials have refused to provide the firefighter roster, obstructing Plaintiff's ability to identify all individuals involved in the incident.

34. Terre Haute Police officers have a documented history of misconduct, criminal behavior, and disciplinary actions, raising concerns about systemic failures in oversight and accountability within the department.

35. Past incidents include:

* June 1, 2023, Another officer ( Jeffery Pupilli ) being arrested for operating a patrol vehicle under the influence, traveling 93 mph while intoxicated, resulting in administrative leave.

* May 26, 2023.Officer ( Brittany Coffman ) of the Terre Haute Police Department was disciplined after drug tests showed the presence of Xanax in her system while she was on duty. She was taken to a hospital for drug testing after other officers noticed signs of impairment during a traffic stop. She was initially placed on administrative leave but later moved to an unpaid suspension by the THPD Merit Board. A termination hearing has been scheduled based on violations of department policy.

* Officer Trevor Singer resigned and pleaded guilty to battery and public nudity after an incident on July 30, 2022 near two local bars. He was sentenced to 420 days of probation, including alcohol and drug treatment.

* An officer ( Sgt. Jesse Chambers ) being suspended for misconduct after kicking a dog in a viral video, leading to a 10-day suspension and mandatory retraining. Terre Haute Police Department Merit Commission upheld the disciplinary action on February 16, 2022.

* Parker v. Terre Haute Police Department et al – Filed on September 28, 2022, this lawsuit involved civil rights violations against multiple Terre Haute police officers. The case is still pending, but early rulings favored the plaintiff, Quentin Parker

* Peals v. Terre Haute Police Department (2008) – A lawsuit filed under 42 U.S.C. § 1983 against the Terre Haute Police Department, alleging unlawful search, false arrest, retaliatory prosecution, and excessive force. The court dismissed some claims but allowed the excessive force claim to proceed to trial.

* Warner v. City of Terre Haute, Ind. – Filed in 1997, this case involved civil rights violations and employment discrimination against the Terre Haute Police Department and city officials. The court ruled in favor of the plaintiff, Shelva Warner, on certain claims.

* Tryon v. City of Terre Haute (1963) – A case where a Terre Haute detective was suspended and demoted for misconduct, including recommending the release of a known burglar and warning a suspect about an upcoming search. The court upheld the disciplinary actions, demonstrating historical issues with police conduct in the city.

* These documented disciplinary cases suggest a pattern of negligence in addressing officer misconduct, reinforcing Plaintiff's claim that the department failed to prevent, investigate, or discipline unlawful conduct related to the August 13, 2024 incident.

36. These cases suggest that misconduct within the Terre Haute Fire Department has led to disciplinary actions, reinforcing concerns about oversight and accountability. Past incidents include:

\* Firefighter Charged with Child Sex Crimes – In July 2023, Terre Haute firefighter Shad Stanifer was arrested for allegedly engaging in sexual misconduct with a minor. The Fire Merit Commission suspended him without pay, pending the outcome of his trial.

\* City of Terre Haute v. Simpson (2001) – A lawsuit filed after a Terre Haute Fire Department ambulance ran a red light at 50 mph, striking a vehicle and killing Lisa Simpson. The jury ruled in favor of the plaintiff, Larry Simpson, against the city

\* Veteran Firefighter Retired Amid Drug Probe – In March 2015, Terre Haute Fire Captain Jeff Stevens retired one day before a scheduled Merit Board meeting regarding allegations that he used illegal drugs on the job. An internal investigation was conducted, but since he retired, the results were never made public.

(V). CLAIMS FOR RELIEF
COUNT 1 – VIOLATION OF FOURTH AMENDMENT (UNLAWFUL ENTRY) COUNT 2 – TRESPASS & PROPERTY DAMAGE COUNT 3 – MALICIOUS PROSECUTION COUNT 4 – REQUEST FOR DISCIPLINARY ACTION COUNT 5 – FAILURE TO ADDRESS MISCONDUCT COUNT 6 – NEGLIGENCE & PERSONAL INJURY

COUNT 1 – VIOLATION OF FOURTH AMENDMENT (UNLAWFUL ENTRY)

37. Defendants entered Plaintiff's property without a warrant, probable cause, or exigent circumstances, violating Plaintiff's Fourth Amendment rights.


COUNT 2 – TRESPASS & PROPERTY DAMAGE

38. Defendants broke through Plaintiff's locked gate, causing property damage.

COUNT 3 – MALICIOUS PROSECUTION

39. Defendants issued a citation despite clear evidence proving Plaintiff's compliance with the law.

COUNT 4 – REQUEST FOR DISCIPLINARY ACTION

40. Plaintiff requests that the Court order an investigation into the unlawful actions of Defendants and require the appropriate disciplinary action, including possible termination or demotion, to protect the community from future violations.

COUNT 5 – FAILURE TO ADDRESS MISCONDUCT

41. Plaintiff requests that the Court order an independent review of the departments' refusal to meet or address complaints and require procedural safeguards to ensure citizen grievances are properly handled.

COUNT 6 – NEGLIGENCE & PERSONAL INJURY

42. Defendants' destruction of the gates created an unsafe environment, leading Plaintiff to suffer a concussion and shoulder injuries while attempting repairs.

43. The damaged gates jeopardized the safety of Jennifer, Phil, Linda, and James, exacerbating their medical conditions and causing unnecessary distress.

44. Defendants failed to exercise reasonable care, leading to foreseeable harm, including Plaintiff's physical injury and additional health impacts on vulnerable individuals.

45. Plaintiff seeks compensation for medical expenses, pain and suffering, and the costs of repairing the damaged gates to restore necessary security and prevent further harm.

(VI). RELIEF REQUESTED
Plaintiff requests:

46. Plaintiff requests the following relief:

1. Compensatory damages for property damage and emotional distress.

2. Punitive damages against individual officers/firefighters.

3. Injunctive relief to prevent future unlawful entry by Defendants.

4. Court-ordered investigation and disciplinary action against responsible officers/firefighters.

5. Procedural reforms to ensure complaints from citizens are properly addressed.

6. Compensation for Plaintiff's medical expenses, pain and suffering, and repair costs for the damaged gates.

7. A court order compelling the release of all body-worn and car camera footage requested by Plaintiff.

8. A court order compelling the release of the firefighter roster from the August 13, 2024 incident.

9. Attorney's fees and costs under 42 U.S.C. § 1988.

(VII). JURY DEMAND
47. Plaintiff demands a trial by jury on all issues triable by jury.

WHEREFORE, Plaintiff has shown by preponderance in the aforementioned paragraphs, facts with merit, to pursue these injustices and violations. Thus, causing of undue burden, fear, harassment, and other suffering mentioned in this complaint. I pray that this court will enforce Constitutional rights and compel observance of or compliance with the law, rule, or obligation.

Respectfully submitted,

This 4th day of June 2025.   _Phil Deckert_

name :   Phil Deckert
mail address:   1540 spruce St. Terre haute, IN. 47807
Phone number: (812) 281-2108


Other party contacts :

1. Michael Wright, City Attorney
Libby Lewis, Paralegal
City Legal Department
17 Harding Avenue, 1st floor
Terre Haute, IN  47807
Telephone: (812) 244-2373
Fax: (812) 244-2375
Email: legal@terrehaute.in.gov

2. Brandon Sakbun
Mayor's Office
City Hall 1st Floor
17 Harding Avenue
Terre Haute, IN  47807
Phone: (812) 244-2303
Fax: (812) 244-2305
Email: Mayor@terrehaute.in.gov

3. Chief Kevin Barrett
Terre Haute Police Department
222 S 7th St.
Terre Haute, IN  47807
(812) 238-1661

4. chief Darrick Scott
Terre Haute fire Department
25 spruce St.
Terre Haute, IN  47807
(812) 234-8653