UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PHIL DECKERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00258-MPB-MJD |
| | ) | |
| TERRE HAUTE POLICE DEPARTMENT, | ) | |
| ANTHONY DEMANIS, | ) | |
| DUSTIN CAWTHON, | ) | |
| SCOTT MARSHALL, | ) | |
| TERRE HAUTE FIRE DEPARTMENT, | ) | |
| DARRICK SCOTT, | ) | |
| YELCH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT**

*Pro se* Plaintiff Phil Deckert has filed a Motion for Leave to File a Second Amended Complaint, along with a proposed amended complaint. [Dkts. 54 & 54-1.] For the reasons explained below, this motion is **GRANTED**.

**I. Background**

The First Amended Complaint alleges that officers employed by the Terre Haute Police Department and Terre Haute Fire Department unlawfully damaged the gate to Mr. Deckert's yard, entered his property without a warrant, and issued him a citation after a neighbor falsely reported that he had been burning trash and/or leaves in his back yard. [Dkt. 34.] Based on these allegations, the First Amended Complaint seeks to bring claims under the Fourth Amendment, the Fourteenth Amendment, and Indiana tort law. [*Id.*] The Defendants listed in the First

Amended Complaint include five individual officers, the Terre Haute Police Department, and the Terre Haute Fire Department. [*Id.*] Defendants have moved to dismiss the First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Dkt. 37.]

Mr. Deckert now moves for leave to file a second amended complaint in order to plead "newly discovered facts," add additional defendants, and add additional legal claims. [Dkts. 56; 57 at 1.] The proposed second amended complaint adds the City of Terre Haute as a defendant, along with Terre Haute Mayor Brandon Sakbun, and adds new legal claims, including a First Amendment retaliation claim. [Dkt. 54-1.] Mr. Deckert appears to have added City of Terre Haute as a Defendant in response to Defendants' argument in their pending Motion to Dismiss that the First Amended Complaint does not name a suable municipal entity. [*See* dkt. 38 ("Municipal departments, such as [Terre Haute Police Department] and [Terre Haute Fire Department], are not suable 'persons' under § 1983.").]

## II. Discussion

As an initial matter, the Court notes that Mr. Deckert's motion seeking leave to amend his complaint was unnecessary. The Pretrial Schedule granted the Parties leave to amend the pleadings at any point on or before October 27, 2025, and only required the Parties to file a motion seeking leave to amend after that deadline has passed. [Dkt. 36 at 2-3.] Nevertheless, because Mr. Deckert chose to file a motion seeking leave to amend, and because Defendants oppose that motion, the Court will consider whether the motion should be granted under Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave [to amend] when justice so requires."

Defendants urge the Court to deny Mr. Deckert leave to amend for several reasons. First, the proposed second amended complaint "makes no meaningful improvements to the substance

2

of Deckert's claims and does not address the fundamental legal and factual shortcomings previously identified." [Dkt. 60 at 4 (cleaned up).]  Second, Mr. Deckert could have corrected any pleading deficiencies in the original Complaint when he filed the First Amended Complaint and should be foreclosed from doing so now.  [*Id.* at 5-8.]  Third, Mr. Deckert should receive less slack for procedural irregularities than other *pro se* litigants because he is an experienced filer.  [*Id.* at 8-10.]  Finally, the proposed amendment would be futile and would prejudice Defendants "by forcing additional, unnecessary motion practice and delay."  [*Id.* at 13.]

The Court is not persuaded by any of Defendants' arguments.  The amendment cures a technical pleading deficiency in the operative complaint by adding the City of Terre Haute as a Defendant and is therefore not futile.  *See Sow v. Fortville Police Department*, 636 F.3d 293, 300 (7th Cir. 2011)  (summarizing Indiana law governing suable municipal entities).  The amendment will not unduly delay the proceedings because the case was filed less than six months ago, discovery is ongoing, and the new defendants will likely be represented by the same lawyers who are representing the current defendants.  Defendants will not be prejudiced by the amendment and may avoid duplicative work by incorporating arguments from their pending Motion to Dismiss the First Amended Complaint into a future motion to dismiss, if they deem it appropriate to do so.  Further, the Court is not concerned that this case will devolve into a perpetual cycle of amended complaints and motions to dismiss, as Defendants argue, because the deadline to amend the pleadings has now passed, and any future motion to amend will need to overcome Federal Rule of Civil Procedure 16(b)(4)'s more stringent "good cause" standard.  *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).  Thus, any future motion to amend will not be freely granted and will instead require a showing of reasonable diligence by the moving party.  *Id.*

Finally, assuming *arguendo* that Mr. Deckert is an experienced *pro se* litigant, he still has less training and experience than an attorney, and the interests of justice favor a resolution of his case on the merits and not on the basis of technical pleading deficiencies. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). That principle is especially true here because Mr. Deckert has complied with the deadline to amend the pleadings and the Court discerns no procedural irregularities in his request to file a Second Amended Complaint.

In sum, Mr. Deckert's Motion for Leave to File a Second Amended Complaint is timely and cures a technical pleading deficiency in the First Amended Complaint. Further, the Second Amended Complaint seeks to add additional legal claims, the merits of which are better suited for evaluation in the context of a dispositive motion than in a ruling on a motion for leave to amend the complaint. Accordingly, Mr. Deckert's Motion for Leave to File a Second Amended Complaint is **GRANTED**.

### III. Related Motions

The Parties have filed several related motions that may be quickly ruled upon now that the Motion to Amend has been granted. Defendants' Motion to Dismiss the First Amended Complaint and Mr. Deckert's Objection to that motion are **DENIED AS MOOT**. [Dkts 37; 43.] Mr. Deckert's Motion to Strike Defendants' response to his Motion to Amend is **DENIED**. [Dkt. 64.] Mr. Deckert's Motion to Preemptively Strike an Anticipated Motion to Dismiss, Defendant's Motion to Strike that preemptive motion, and Mr. Deckert's Motion to Strike Defendants' Motion to Strike are all **DENIED**. [Dkts. 51; 59; 65.] To avoid unnecessary motion practice moving forward, the Court urges the Parties to consider more carefully whether filing a motion to strike is procedurally proper, or whether they should simply file a response or a reply brief. *See*

*Association, Inc. v. Nationwide Mutual Insurance Company*, 2020 WL 7493133, at *2 (S.D. Ind. Nov. 17, 2020)  ("Motions to strike are disfavored because they potentially only serve to delay.").

### IV. Service of Process and Further Proceedings

As explained above, Deckert's Motion for Leave to File a Second Amended Complaint is **GRANTED**.  [Dkt. 54.]  The related motions are **DENIED** or **DENIED AS MOOT**.  [Dkts. 37; 43; 51; 59; 64; 65.]  In the interests of judicial economy, the **Clerk is directed** to re-docket the proposed second amended complaint, [dkt. 54-1], as the Second Amended Complaint. The **Clerk is further directed** to amend the names of the Defendants on the Docket to reflect the names listed in the Second Amended Complaint.

The **Clerk is further directed** to send Mr. Deckert summonses for the newly-added Defendants along with his copy of this Order.  Mr. Deckert shall serve the summonses, the Second Amended Complaint, and this Order on Defendants City of Terre Haute and Mayor Sakbun **within 21 days of the date of this Order**.

SO ORDERED.

Dated:  18 NOV 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

PHIL DECKERT
1540 Spruce St.
Terre Haute, IN 47807